[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff (W. Ronald O'Keefe) in both cases is a developer who filed an application to build a 75-lot subdivision in the Town of Stonington. He is appealing a decision by the Town of Stonington Inland Wetlands Commission, Chairman, David M. Rathbun (Rathbun) and the Town of Stonington Planning and Zoning Commission (Commission) denying his application.
The parties advised the court that they had reached a settlement and wished to schedule a hearing before the court as required by Connecticut General Statutes § 8-8(n). This statute provides that any settlement needs the approval of the Superior Court and further provides that the settlement is not effective unless and until there is a hearing before the Superior Court and such court has approved the proposed settlement. The law also requires that notice must be given that fairly apprises the public who are or may be affected by the outcome of the hearing on the proposed settlement so as to permit the public to prepare intelligently for this hearing.
In this case, the court finds that the notice requirements were met in that those who testified at the hearing before the Commission were notified by registered mail of the hearing and in two newspapers there were notices of the hearing.
At the hearing on November 23, 1999, the court noted that there were approximately thirty (30) people present. Over ten of these either testified or submitted letters or both asserting their opposition to the proposed settlement.
The town's attorney, Thomas J. Londregan, and the attorney for the developer, Ronald F. Ochsner, stated the basic provision of the stipulated settlement on the record for all to hear.
The various townspeople who opposed the agreement then testified. The attorney for the Town then responded to show how the various problems raised by the opposition would be resolved under the stipulation.
The rule regarding the function of the trial court on appeal may be stated as follows: CT Page 15946
 "The appeal to the court from the decision of the board did not require nor permit the court by trial de novo to substitute its findings and conclusions for the decision of the board. Its functions are limited to a determination whether the board had, as alleged in the appeal, acted illegally, arbitrarily and in abuse of the discretion vested in it. We have frequently asserted as a fundamental proposition that the decisions of zoning authorities are to be overruled only when it is found that they have not acted fairly, with proper motives and upon valid reasons. When it appears that an honest judgment has been reasonably and fairly exercised, after a full hearing, courts should be cautious about disturbing the decision of the local authority. Vernex v. Planning Zoning Board of Appeals, 205 Conn. 703, 707 (1988), cited in Montville Associates v. Town of Montville Zoning Planning Commission, et al, 162 Conn. Sup. Ct. Reports, 16 CLT 10, Axelrod, J.
(1990).
When the court finds that the settlement has been reached without any improper conduct by the parties and is fair and equitable to the applicant and the public interest which the Commission is charged with practicing, it should approve the settlement. Upon a finding that the stipulation is fair and equitable and that there has been no bad faith, collusion, or other improper conduct by the parties and where it appears that the Commission has acted fairly, with proper motives and upon valid reasons, the Court should approve the settlement.Montville, supra, p. 165.
In this case, the Stipulation reduced the original number of lots from 75 to 57. It also addressed other concerns expressed by the opponents including a withdrawal of the application for affordable housing, the availability of city water, drainage problems, traffic problems, need for open space and septic system problems. The water and septic system problems, for example, are to be resolved by providing public water and public sewer to the subdivision lots. The other concerns of the opponents are also addressed in the Stipulation.
This court, therefore, finds that the stipulation is fair and equitable and that there has been no bad faith, collusion or any other improper conduct by the plaintiff or the Commission.
The Stipulation to Judgment is therefore approved.
D. Michael Hurley CT Page 15947
Judge Trial Referee